**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chelsea Crespo,<br><br>  Plaintiff,<br><br>v.<br><br>True Ride Incorporated, et al.,<br><br>  Defendants. | No. CV-22-01869-PHX-ROS<br><br>**ORDER** |

Plaintiff Chelsea Crespo has filed this suit for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. § 201 ("FLSA"), the Arizona Minimum Wage Act, Ariz. Rev. Stat. § 23-362, et seq. ("AMWA"), and the Arizona Wage Act, Ariz. Rev. Stat. § 23-350, et seq. ("AWA"). (Doc. 1). Defendant Christian Wright and Defendant True Ride, Inc. ("True Ride") each filed an answer, and each included a counterclaim for fraud. (Docs. 13, 24). Before the Court are Plaintiff's two motions to dismiss Defendants' counterclaims. (Docs. 16 and 30). For the reasons below, Plaintiff's motions will be denied.

## BACKGROUND

Defendant Wright and co-defendant Yessica Wright owned and operated True Ride Inc., a medical transportation company located in Maricopa County, Arizona, at all relevant times. (Doc. 1 at ¶¶ 31-32). Plaintiff alleges in her complaint that she worked for Defendants as a medical transportation associate from approximately March 23, 2022 through May 3, 2022. (*Id.* at ¶¶ 33, 40). Plaintiff alleges she was misclassified as an independent contractor, when in fact she was an employee for the purposes of FLSA,

AWA, and AMWA. (*Id.* at ¶ 35). Plaintiff alleges she worked 50-60 hours a week during her employment and was owed an hourly rate of $17.50. (*Id.* at ¶¶ 41-42). However, Plaintiff alleges Defendants never paid Plaintiff any wage whatsoever for any of her work. (*Id.* at ¶¶ 43-46). Plaintiff alleges that instead, Defendants "withheld her paychecks as compensation for allegedly causing damage to one of Defendants' vehicles." (*Id.* at ¶ 47). Thus, Plaintiff sued claiming she is entitled to unpaid wages and unpaid overtime.

Defendants Wright and True Ride each filed counterclaims for fraud/fraudulent inducement, in addition to a host of affirmative defenses. (Docs. 13 and 24). Defendants assert Plaintiff "accepted and moved into an apartment rented by [Defendant Wright] with the promise that she would compensate True Ride for the rent payments it made by occasionally transporting some of its passengers." (Doc. 13 at ¶ 123; Doc. 24 at ¶ 139). Defendants also allege Plaintiff was a convicted felon and did not have a valid driver's license during the brief period of time she worked for True Ride, despite having represented otherwise. (Doc. 13 at ¶¶ 103-104; Doc. 24 at ¶¶ 119-133). Defendants assert it was a requirement of the job that she had a valid license. (Doc. 13 at ¶ 110; Doc. 24 at ¶ 131). Defendants claim Plaintiff "negligently rear ended another vehicle while driving one of True Ride's vehicles which led to the discovery that Plaintiff did not have a valid driver's license and that she had a conviction for violent felony." (Doc. 13 at ¶ 125; Doc. 24 at ¶ 141). As a result of these alleged misrepresentations, Defendant Wright was forced to "assume responsibility for an apartment where Plaintiff resided due to Plaintiff being unable to transfer the apartment into her name due to being a violent felon." (Doc. 13 at ¶¶ 128-129; Doc. 24 at ¶¶ 144-145).

## ANALYSIS

### I.  Motions to Dismiss under Fed. R. Civ. P. 12(b)(1)

Plaintiff moves to dismiss Defendants' counterclaims under Fed. R. Civ. P. 12(b)(1). A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) can be either a facial or factual attack on the allegations. *Bowles v. United States*, 2011 WL 6182330, at *1 (D. Ariz. Dec. 13, 2011) (citing *Thornhill Publ'g Co. v. Gen. Tel. & Elec.*

*Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)). A facial attack occurs when the moving party asserts that the allegations in the complaint are "insufficient on their face to invoke federal jurisdiction." *Id.* (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). A factual attack, on the other hand, is when the moving party "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* (quoting *Safe Air for Everyone*, 373 F.3d at 1039). Plaintiff seems to be mounting a facial attack; accordingly, Defendants' allegations related to the counterclaim are taken as true and construed in favor of Defendants. *Id.* at *2.

### II. Compulsory Counterclaims

The Court has jurisdiction over Plaintiff's complaint because her FLSA claims arise under federal question jurisdiction. Defendants' counterclaim for fraud, however, is a state law cause of action. Defendants do not argue the Court has independent jurisdiction over the counterclaim. Instead, Defendants argue the claims for fraud are compulsory counterclaims under Fed. R. Civ. P. 13(a)(1). (Doc. 30 at ¶ 103-104).

Under 28 U.S.C. § 1367, a federal court may have jurisdiction over state law counterclaims when they "arise from the same 'common nucleus of operative fact'" as the complaint. *See Ader v. SimonMed Imaging Inc.*, 324 F. Supp. 3d 1045, 1050-51 (D. Ariz. 2018) *citing In re Pegasus Gold Corp.*, 394 F.3d 1189, 1195 (9th Cir. 2005)). Under Rule 13(a)(1), a compulsory counterclaim—which must be brought or else the claim is barred in any future proceeding—is one that "(A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a)(1). All other counterclaims are deemed permissive. Fed. R. Civ. P. 13(b). Since the "common nucleus of operative fact" test is broader than the test for compulsory counterclaims, a court will necessarily have jurisdiction over compulsory counterclaims under 28 U.S.C. § 1367. *Ader*, 324 F. Supp. 3d at 1051; *Ripley v. PMD Dev. LLC*, No. CV-18-01162-PHX-DLR, 2018 WL 4931750, at *1 n.2 (D. Ariz. Oct. 11, 2018).

Federal courts are generally hesitant to conclude they have jurisdiction over

counterclaims when asserted against a FLSA plaintiff. *Alexander v. Golden Margarita LLC*, No. CV-22-00781-PHX-DWL, 2023 WL 1818911, at *6 (D. Ariz. Feb. 8, 2023). However, there is "not a categorical rule against finding supplemental jurisdiction over such counterclaims. Instead, the jurisdictional analysis requires consideration of the specific factual allegations that underlie the counterclaims." *Id.* (citing *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1196 (9th Cir. 2005)). The party asserting jurisdiction bears the burden of proof. *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

To determine whether a counterclaim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim," thus making the counterclaim compulsory, the Ninth Circuit uses the "liberal logical relationship test" which "attempts to analyze whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Martinez v. PM&M Elec. Inc.*, 2019 WL 450870, at *5 (D. Ariz. Feb. 5, 2019) (quoting *Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1249 (9th Cir. 1987)). The fact of an employment relationship, standing alone, is not enough to render all counterclaims to a FLSA complaint compulsory. *See, e.g.*, *Palmer v. Franks*, CV-14-02414-PHX-SMM, 2015 WL 5561299, at *2 (D. Ariz. Sept. 22, 2015).

Plaintiff argues Defendants' counterclaims for fraud/fraudulent inducement are not compulsory, because they do not arise out of the same transaction or occurrence as Plaintiff's FLSA claims. Plaintiff argues her statutory claims for unpaid wages concern questions like "whether she was an employee, how many hours per week she worked for Defendants, her regular rate of pay, and whether Defendants properly compensated her for all hours worked in excess of 40 hours in each workweek." (Doc. 30 at 5). She argues Defendants' fraud counterclaims concern a different body of evidence and facts. Defendants argue[1] Plaintiff fraudulently induced them into an employment relationship, whereby she would transport passengers in exchange for an apartment. (Doc. 17 at 8).

---

[1] The Court recognizes that Defendant True Ride's former counsel cited the wrong legal standard in its response. (*See* Doc. 31 at 2 (citing standard for a Rule 12(b)(6) motion)). Nevertheless, the response continued to analyze the issue under the proper substantive test.

"In order to maintain an action for fraud under Arizona law, a plaintiff must sufficiently plead: (1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) the speaker's intent that it be acted upon by the recipient in the manner reasonably calculated, (6) the hearer's ignorance of its falsity, (7) the hearer's reliance on its truth, (8) the right to rely on it, and (9) a consequent and proximate injury." *Alexander*, 2023 WL 1818911, at *8 (citing *Arnold & Assocs., Inc. v. Misys Healthcare Sys., a div. of Misys, PLC*, 275 F. Supp. 2d 1013, 1027 (D. Ariz. 2003)).

There is a "logical relationship" between Plaintiff's FLSA claim and Defendants' fraud counterclaims "because the same operative facts serve as the basis of both claims." *See, e.g.*, *Cordero v. Voltaire, LLC*, 2013 WL 6415667 at *4 (W.D. Tex. Dec. 6, 2013) (finding fraud counterclaim compulsory in FLSA case). To prove her FLSA claim, Plaintiff will have to present evidence showing she was an employee of Defendants, how many hours she worked, and how much she was or was not paid for those hours.[2] And Defendants counterclaims for fraud will similarly rely on evidence regarding the status of Plaintiff as an employee and details of the allegedly fraudulent employment arrangement. Plaintiff is correct that a state law counterclaim that is wholly unrelated to the FLSA claim—beyond the bare fact of an employment arrangement between plaintiff and defendant—is not compulsory. (*See* Doc. 30 at 6-11 (collecting cases)). But here, the fraud alleged by Defendants is interrelated with Plaintiff's purported right to recover wages under FLSA, AWA, and AMWA.

At issue in this case is the exact nature of the employment relationship between Plaintiff and Defendants; "the facts necessary to prove the two claims substantially overlap." *See Pochiro*, 827 F.2d at 1251. Indeed, "the counterclaim for fraud derives from an alleged employment agreement . . . between the plaintiff[] and the defendants. The counterclaim is logically connected to, and based on, the same operative facts as" the FLSA

---

[2] For example, Plaintiff's employment relationship with Defendants ended apparently as the result of a vehicle crash, and Plaintiff specifically alleges "Defendants withheld her paychecks as compensation for allegedly causing damage to one of Defendants' vehicles." (Doc. 1 at ¶ 47).

claim. *Hunter v. Kenaday Medical Clinic, Inc.*, 2011 WL 2600656, at *1 (M.D. Fla. June 30, 2011). *See also Alexander*, 2023 WL 1818911, at *8 (finding fraud counterclaim compulsory in FLSA context); *Cordero*, 2013 WL 6415667, at *4 (same).

Accordingly,

**IT IS ORDERED** Plaintiff's Motions to Dismiss Defendants' Counterclaims (Doc. 16 and Doc. 30) are **DENIED**.

Dated this 30th day of May, 2023.

Honorable Roslyn O. Silver
Senior United States District Judge